UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW A. SMITH                                         CIVIL ACTION

VERSUS                                                   NO. 14-1388

UNITED PARCEL SERVICE                                    SECTION "N" (3)


RULE TO SHOW CAUSE IN WRITING
WHY SUMMARY DISMISSAL OF THIS CASE
IS NOT WARRANTED PURSUANT TO 28 U.S.C. § 1915(e)

Considering the application and affidavit to proceed in forma pauperis,

IT IS ORDERED that:
X    the motion is GRANTED; the party is entitled to proceed in forma pauperis.
☐    the motion is MOOT; the party was previously granted pauper status.
☐    the motion is DENIED; the party has sufficient funds to pay the filing fee.
☐    the motion is DENIED; the party is not entitled to proceed in forma pauperis for the listed reasons:

_____
_____

**The Clerk of Court is directed to withhold summons until the Court finds that plaintiff has satisfied the following rule to show cause.**

*Pro se* plaintiff, Matthew A. Smith, filed the above-captioned matter in this Court in which he sues defendant United Parcel Service ("UPS"). While the allegations of the complaint are far

1

from clear and coherent, Smith mentions the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Smith alleges that "there should have-been [sic] granted accomodation according to the ADA Act and there should not have been termination according to Federal and State law." [Compl. at p. 2]. For purposes of this rule to show cause, then, the Court will assume that Smith alleges that UPS failed to reasonably accommodate him and/or fired him in violation of the ADA.

For the reasons detailed below, plaintiff, Matthew A. Smith, is hereby ORDERED TO SHOW CAUSE by **Monday, July 21, 2014** as to why this case should not be summarily dismissed for improper venue.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
>   (i)    is frivolous or malicious;
>   (ii)   fails to state a claim on which relief may be granted; or
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Under the federal transfer statutes, a district court may transfer a case upon a motion or *sua sponte*. *See* 28 U.S.C. §§ 1404 & 1406; *Caldwell v Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).  Section 1406 provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall **dismiss**, or if it be in the interst of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (emphasis added).  This Court has broad discretion in deciding whether to order a transfer ot to dismiss for improper venue. *Stabler v. N. Y. Times*, Co., 569 F. Supp. 1131, 1137 (S.D. Tex. 1983); *Tim W. Koerner & Assoc., Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 299 (S.D. Tex. 1980), *aff'd*, 683 F.2d 416 (5th Cir. 1982).

For claims under Title VII and the ADA, the applicable venue statute is a special venue provision, 42 U.S.C. § 2000e-5(f)(3), superceding the general venue provision, 28 U.S.C. § 1391. 42 U.S.C. § 12117(a); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003). Under 42 U.S.C. § 2000e-5(f)(3), venue is proper and suit might have been brought (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in

---

[2]  *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

the judicial district in which the employment records relevant to such practice are maintained and administered, (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, or (4) if the respondent is not found within any such district, within the judicial district in which the respondent has his principal office. *In re Horseshoe Entm't*, 337 F.3d at 432-33.

Smith lives in Colorado. UPS – according to the complaint – is located in Missouri. There are no allegations in the complaint that would indicate that venue is proper here. Indeed, this Court's search of the nationwide Pacer system reveals that Smith is a prolific *in-forma pauperis* filer against this and many other defendants. This Court's research has revealed that Smith has sued UPS on the same grounds in the following districts: D. Alaska, Civ. A. No. 3:2014-cv-00109; C.D. Cal., Civ A. No. 8:2014-cv-00744; D.C. Colo., Civ. A. No. 1:2014-cv-00787; S.D. Fla., Civ. A. No. 1:2014-cv-21175; N.D. Ga., Civ. A. No. 1:2014-cv-00951; D.C. Haw., Civ. A. No. 1:2014-cv-00229; W.D. Mich., Civ. A. No. 2:2014-cv-00131. All but two of these cases have been dismissed as frivolous, for lack of subject-matter jurisdiction, or for failure to state a claim. It thus appears that Smith is an abuser of the judicial process. This Court reserves the right to recommend sanctions against Smith should he be unable to satisfy this rule to show cause.

Accordingly,

**IT IS ORDERED** that **on or before Monday, July 21, 2014**, plaintiff, Matthew A. Smith, **shall file a response containing a written statement of his position** concerning this Court's Rule to Show Cause Order and a list of citations of authorities on which he relies to establish venue in this district over his complaint. The failure to respond in writing as directed will result in the

dismissal of the captioned complaint for improper venue.

**IT IS FURTHER ORDERED** that there will be NO ORAL HEARING, and the matter will be deemed under advisement on the briefs on Monday, July 21, 2014 at 5:00 p.m.

New Orleans, Louisiana, this 20th day of June, 2014.

                                            **DANIEL E. KNOWLES, III**
                                            **UNITED STATES MAGISTRATE JUDGE**