UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW A. SMITH                                                    CIVIL ACTION

VERSUS                                                                      NO. 14-1388

UNITED PARCEL SERVICE                                         SECTION "N" (3)

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Matthew A. Smith, filed the above-captioned matter in this Court in which he sues defendant United Parcel Service ("UPS").  While the allegations of the complaint are far from clear and coherent, Smith mentions the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*  Smith alleges that "there should have-been [sic] granted accomodation according to the ADA Act and there should not have been termination according to Federal and State law." [Compl. at p. 2].  For purposes of this Report and Recommendation, then, the Court will assume that Smith alleges that UPS failed to reasonably accommodate him and/or fired him in violation of the ADA.

On June 20, 2014, this Court ordered Smith to show cause by Monday, July 21, 2014 as to why this case should not be summarily dismissed for improper venue. [Doc. #3].  Three months later, Smith filed his response to the order to show cause.  [Doc. #5].

1

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Under the federal transfer statutes, a district court may transfer a case on a motion or *sua sponte*. *See* 28 U.S.C. §§ 1404 & 1406; *Caldwell v Palmetto State Sav. Bank of S.C.*, 811 F.2d 916,

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

919 (5th Cir. 1987). Section 1406 provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall *dismiss*, or if it be in the interst of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). This Court has broad discretion in deciding whether to order a transfer or to dismiss for improper venue. *Stabler v. N. Y. Times, Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983); *Tim W. Koerner & Assoc., Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 299 (S.D. Tex. 1980), *aff'd*, 683 F.2d 416 (5th Cir. 1982).

For claims under Title VII and the ADA, the applicable venue statute is a special venue provision, 42 U.S.C. § 2000e-5(f)(3), superceding the general venue provision, 28 U.S.C. § 1391. 42 U.S.C. § 12117(a); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003). Under 42 U.S.C. § 2000e-5(f)(3), venue is proper and suit might have been brought (1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, or (4) if the respondent is not found within any such district, within the judicial district in which the respondent has his principal office. *In re Horseshoe Entm't*, 337 F.3d at 432-33.

Smith lives in Colorado. UPS – according to the complaint – is located in Missouri. There are no allegations in the complaint that would indicate that venue is proper here. Indeed, this Court's search of the nationwide Pacer system reveals that Smith is a prolific *in-forma pauperis* filer against this and many other defendants. This Court's research has revealed that Smith has sued UPS

3

on the same grounds in the following districts: D. Alaska, Civ. A. No. 3:2014-cv-00109; C.D. Cal., Civ A. No. 8:2014-cv-00744; D.C. Colo., Civ. A. No. 1:2014-cv-00787; S.D. Fla., Civ. A. No. 1:2014-cv-21175; N.D. Ga., Civ. A. No. 1:2014-cv-00951; D.C. Haw., Civ. A. No. 1:2014-cv-00229; and W.D. Mich., Civ. A. No. 2:2014-cv-00131.  As of June 20, 2014, all but two of these cases have been dismissed as frivolous, for lack of subject-matter jurisdiction, or for failure to state a claim.  It thus appears that Smith is an abuser of the judicial process.

In his response to the order to show cause – four incoherent and rambling paragraphs – Smith fails to show cause why venue is proper here.  Indeed, he fails to even discuss venue.  He cites numerous jurisdictional statutes – none of which is applicable here – and asks the Court to order the United States Marshals to serve defendant.  He also asserts jurisdiction under 28 U.S.C. § 2255, although the record reflects that Smith is not in prison.

Because this Court has broad discretion in deciding whether to order a transfer or to dismiss for improper venue, *Stabler*, 569 F. Supp. at 1137, and because the complaint gives the Court no indication of a possible proper venue, this Court will exercise its discretion and recommend that the lawsuit be dismissed without prejudice to enable Smith to file it in the proper venue, should circumstances so warrant.

Accordingly,

**IT IS RECOMMENDED** that Smith's lawsuit be DISMISSED WITHOUT PREJUDICE for improper venue.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after

being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24th day of October, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**